UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CONSTANTINO CEJAS,       )<br>                          )<br>       Petitioner,      )<br>                          )<br>       v.                 )<br>                          )<br>UNITED STATES OF AMERICA, )<br>                          )<br>       Respondent.        ) | CAUSE NO. 2:15-cv-00339-JMS-DKL |

## **GOVERNMENT'S 2255 EVIDENTIARY HEARING BRIEF**

The United States of America, by its counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, Pamela S. Domash, Assistant United States Attorney, and Todd S. Shellenbarger, Assistant United States Attorney, respectfully submits the following Hearing Brief for consideration by the Court in anticipation of the hearing scheduled for February 27, 2017.

### I.  Procedural History

The Petitioner in the instant case filed a pro se "2255 Motion to Vacate, Set Aside or Correct Sentence" on October 28, 2015.   [Filing No. 1.]   An "Amended Motion to Vacate, Set Aside or Correct Sentence" was filed by the Petitioner on February 26, 2016.   [Filing No. 8.] On April 1, 2016, the petitioner filed a "Motion to Expand Record by Supplementing Motion 28 U.S.C. 2255."   [Filing No. 11.]   A "Response to the Amended Section 2255 Motion" was filed by the United States on May 5, 2015.   [Filing No. 15.]   A "Response to the Government's Response in Opposition to Petitioner's 2255 Motion" was filed by the Petitioner on May 23, 2016.  [Filing No. 16.]   In his 2255 motion, the Petitioner generally claims that his attorney told him that certain counts would be dismissed by the government.

On August 8, 2016, an "Entry Granting Request to Expand the Record, Notifying Parties that an Evidentiary Hearing will be Required and Appointing counsel to Represent Petitioner" was entered. The Motion Hearing was set for February 27, 2017. [Filing No. 17.]

The Entry notifying the parties of an evidentiary hearing stated, "Specifically, a hearing is required to elicit evidence from which the Court can determine what plea offers were made and what information was communicated by Mr. Cejas' attorney before and during the trial regarding those plea offers." [Filing No. 17 at 1.] The United States therefore understands the main purpose of the hearing is to provide the court with evidence of what plea offers were received and what Mr. Cejas' attorney, Mr. Harold Samuel Ansell, communicated to Mr. Cejas before and during trial regarding those offers.

**II.  Privilege Issue**

It is undisputed that communications between a defendant and his counsel are protected by the attorney-client privilege, absent a waiver. When a defendant elicits an issue of ineffective assistance of counsel, he necessarily waives attorney-client privilege. "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). To allow a petitioner to invoke confidentiality would essentially remove the only party who could refute the petitioner's claims of ineffectiveness.

> We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this post-

2

> conviction proceeding with respect to the factual issues raised by appellant's motion. Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations. We are unable to subscribe to this proposition. The privilege is not an inviolable seal upon the attorney's lips. It may be waived by the client; and where, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

*Laughner v United States*, 373 F.2d 326, 327 (5th Cir. 1967).   The United States takes the position that Cejas cannot claim privilege to prohibit Mr. Ansell from testifying as to the basis of the alleged ineffective assistance of counsel.   The United States has communicated with Mr. Ansell, who will not disclose the content of his communications with Cejas without being compelled to testify by the Court. The United States will be producing Mr. Ansell as a witness and asking the Court to order him to provide information as to plea offers made in this case and what he communicated to Cejas before and during the trial regarding those offers.

                                            Respectfully submitted,

                                            JOSH J. MINKLER
                                            United States Attorney

                                  By:    s/ Pamela S. Domash
                                            Pamela S. Domash
                                            Assistant United States Attorney
                                            Pamela.Domash@usdoj.gov

                                  By:    s/Todd S. Shellenbarger
                                            Todd S. Shellenbarger
                                            Assistant United States Attorney
                                            Todd.Shellenbarger@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on **January 26, 2017,** a copy of the foregoing filing was filed electronically.   Notice of this filing will be sent to the parties by operation of the Court's CM/ECF system.

Sara J. Varner
Sara.varner@fd.org

By:   s/Pamela S. Domash
Pamela S. Domash
Assistant United States Attorney
Office of the United States Attorney
101 NW MLK, Jr. Blvd.   Suite 250
Evansville, Indiana 47708
Telephone: (812) 465-6475
Fax: (812) 465-6443