UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CONSTANTINO CEJAS, )
Petitioner, )
)
v. ) Cause No. 2:15-cv-00339-JMS-DKL
)
UNITED STATES OF AMERICA, )
Respondent. )

## RESPONSE TO PETITIONER'S POST-HEARING BRIEF

The United States, by counsel, responds to the petitioner's post-hearing brief filed on March 13, 2017.

## I. BACKGROUND[1]

In 2011, Cejas was charged with six counts. (Crim. Dkt. 1.) He rejected plea agreements for 10 years and, later, 15 years. (Crim. Dkt. 22, 27, 65; *see* Civ. D. 27, p. 2.) His attorney, Sam Ansell, determined that Cejas would not plead guilty. (Pet. Ex. A, C.)

Ansell, however, encouraged Cejas to plead guilty to one of the counts. Strategically, Ansell wanted Cejas to plead guilty to Count 6, possession of a firearm by an alien illegally and unlawfully in the United States (*See* Crim. Dkt. 1), so that the jury would not hear evidence that Cejas was in the United States illegally.

---

[1] References to "Crim. Dkt." refer to the docket in Cejas' criminal case that was assigned cause number 2:11-cr-0037-JMS-CMM-01. References to "Civil Dkt." refer to the docket in this civil post-conviction case.

Cejas pleaded guilty to Count 6. (Crim. Dkt. 69.) The plea petition stated that no other promises were made in exchange. (*See id.* at ¶¶ 11, 12, 14.) In open court, Cejas pleaded guilty to Count 6, without mentioning a belief that other counts would be dismissed in exchange. (Crim. Dkt. 178, pp. 9, 12-15.)

Later that morning, Cejas's case proceeded to trial. (Crim. Dkt. 128.) Cejas went through trial (where he was convicted), sentencing (where he received 40 years' imprisonment), and his direct appeal without ever mentioning his claim that Ansell told him the government would dismiss two counts in exchange for the guilty plea to Count 6. (Crim. Dkt. 81, 142); *see also United States v. Cejas*, 761 F.3d 717, 732 (7th Cir. 2014).

About a year and a half later, Cejas collaterally attacked his conviction under 28 U.S.C. § 2255. He claimed that Ansell was ineffective for (1) not moving for a judgment of acquittal on Counts 3 and 5; and (2) incorrectly informing him that the government would dismiss Counts 3 and 5 in exchange for his guilty plea to Count 6. (Civ. Dkt. 1, 8.)

This Court granted an evidentiary hearing on the latter claim. (Civ. Dkt. 17.) Specifically, this Court found that a "hearing is required to elicit evidence form which the Court can determine what plea offers were made and what information was communicated by Mr. Cejas' attorney before and during the trial regarding those plea offers." (*Id.*)

At the hearing, on February 27, 2017, Cejas claimed that Ansell informed

him that the government would dismiss Counts 3 and 5 if Cejas pleaded guilty to Count 6. (Civ. Dkt. 26.)

Ansell contradicted that claim. Ansell testified unequivocally that there was no such plea offer. Instead, Ansell strategically wanted Cejas to plead guilty to Count 6 to remove Cejas's undocumented status from the jury's consideration. Ansell also testified that the government never offers agreements that do not dispose of the entirety of the counts.

Ansell also testified that the government might have reoffered the 15-year plea deal during trial, but he was not entirely sure. If that deal was reoffered, however, Cejas rejected it.

Cejas also attacked the amount of time Ansell had spent meeting with him prior to trial. That is also the crux of Cejas's post-hearing brief.

## II. **DISCUSSION**

To prevail on a claim of ineffective counsel, Cejas must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). With respect to the first prong of the *Strickland* test, "[j]udicial scrutiny of counsel's performance must be highly deferential" with all efforts made "to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. In that same vein, trial counsel is presumed to have made reasonable strategic choices. *Valenzuela v. United States*, 261 F.3d 694,

698-99 (7th Cir. 2001) ("there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies.").

In order to satisfy the prejudice component, Cejas must "affirmatively prove prejudice" by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693-94. A reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* at 694. In the plea context, the prejudice inquiry focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). If Cejas fails to prove either *Strickland* prong, the court need not address the remaining one. *Morales v. Johnson*, 659 F.3d 588, 600 (7th Cir. 2011).

### A. Cejas Has Shifted His Argument Away From the Issue This Court Granted a Hearing To Address

As an initial matter, Cejas's protean claim must be noted. Cejas's amended petition under § 2255 raised two *Strickland* claims: (1) whether his attorney was ineffective for failing to move for an acquittal; and (2) whether his attorney incorrectly informed Cejas that if Cejas pleaded guilty to Count Six, the government would dismiss Counts Three and Five. (Civ. Dkt. 8.) The latter issue persuaded this Court to grant an evidentiary hearing. (Civ. Dkt. 17.)

But Cejas no longer seems to press this claim. Instead, his ineffective assistance of counsel claim revolves around a general assertion that he was confused and Ansell inadequately alleviated that confusion. (Civ. Dkt. 27, pp. 3-4.)

Cejas now says that, "Without more counseling and information, [he] could not make an informed decision whether to plead guilty." (Civ. Dkt. 27, p. 4.)

That is not the question he used to induce this Court to grant a hearing. *Cf. City and County of San Francisco v. Sheehan*, 575 U.S. __, 135 S. Ct. 1765, 1179 (2015) (Scalia, J., concurring in part and dissenting in part). This Court should consider Cejas's abandonment of his original claim as a tacit concession that is untenable.

### B. Cejas's Allegations of General Harms Fail To State a Cognizable ***Strickland*** Claim

Cejas's new claim is not cognizable under *Strickland*. Instead of alleging a specific harm (*e.g.*, pleading guilty based on erroneous advice), he moves on to alleging a generic harm (*e.g.*, that his attorney did not spend sufficient time explaining federal prosecution to him). (Civ. Dkt. 27, p. 4.)

This lack of specificity is fatal to his claim. "To meet his burden, [Cejas] must establish specific acts or omissions of his counsel that constitute ineffective assistance." *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). Without that specificity, his claims are not cognizable. *See Scott v. Montgomery*, 2012 WL 404241 at *8 (N.D. Ill. 2012).

And specificity is not met by alleging insufficient preparation. That is especially so where, as here, the "evidence" of insufficient preparation the defendant relies on is not well founded. At the hearing, Cejas's counsel explored Ansell's billing records in an effort to suggest Ansell was not diligent. Cejas's argument

ignores the fact that Ansell said the hours those records reflected were, if anything, the minimum amount of time he had spent assisting Cejas. Indeed, the record, as developed at the hearing, shows that Ansell worked hard on behalf of Cejas and provided thoughtful advice. That Cejas wanted to use the hearing to suggest that Ansell was not committed to helping him was unfortunate and, in the end, did not advance his cause an inch.

Even assuming Cejas's evidence on this issue were sound, his claim would still fail. Because "the mere fact that counsel spent little time with [Cejas] is not enough under *Strickland*, without evidence of prejudice or other defects." *Bowling v. Parker*, 344 F.3d 487, 506 (6th Cir. 2003). Cejas's "general allegations" have "no explanation how additional meetings with his counsel, or longer meetings with his counsel would have led to new or better theories of advocacy or otherwise would have created a 'reasonable probability' of a different outcome." *Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (citing *Hill v. Mitchell*, 400 F.3d 308, 325 (6th Cir. 2005)) (internal quotations omitted). And, "[e]ven if his attorney['s] infrequent visits somehow rendered [his] performance 'deficient,' petitioner has not properly alleged that he was prejudiced by this deficiency." *Lenz*, 444 F.3d at 303.

Nor has Cejas cited any authority for his argument. No wonder: "we know of no case establishing a minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel." *United States v. Mealy*, 851 F.2d 890, 908 (7th Cir. 1988) (internal

quotations omitted). Cejas's claim is untethered to the requirements of *Strickland* and fails at the outset.

### C. The Evidence Does Not Support Any of Cejas's Allegations, Other Than His Self-Serving Statements

With that said, the government will still address the claim that persuaded this Court to grant a hearing, plus another allegation regarding a plea Cejas mentions.

#### 1. <u>The Government Never Offered to Dismiss Two Counts In Exchange for Cejas's Guilty Plea to Count Six</u>

The evidence at the hearing should alleviate whatever residual concerns this Court had from Cejas's amended petition.

Ansell unequivocally rejected Cejas's claim. As Ansell testified to at the hearing, he strategically wanted Cejas to plead guilty to Count 6 to prevent Cejas's undocumented status in the United States from reaching the jury. Ansell also testified that the government never agreed to drop two counts in exchange for the guilty plea to Count 6. Moreover, Ansell also testified that the government has never offered him, in his time as a defense attorney, a plea agreement that did not dispose of all of the charges (and, thus, still forced the government to expend resources on a trial).

Cejas's testimony to the contrary is not credible. Besides its self-serving nature, both Ansell's testimony and the government's historical practices rebut Cejas's claim. And Ansell's strategic reason for pleading guilty to Count 6 indicates

that removing the underlying facts from consideration, not dismissal of other counts, was the motivation for this plea. Finally, Cejas's post-hearing brief nearly abandons this claim, which should indicate to this Court how dubious the claim is.

2. To Whatever Extent a 15-Year Deal Was Offered During Trial, Cejas Rejected It

Ansell also testified that it was possible that the government reoffered a 15-year deal during the pendency of trial. But, if so, Ansell testified that Cejas rejected the offer.

Cejas testified at the post-conviction hearing that, if he had understood the stakes better, he would have accepted this deal. This claim is not credible. First, again, it is contradicted by Ansell's testimony. Second, it contradicts Cejas's earlier reluctance to plead guilty (including to a more favorable 10-year deal). As the Seventh Circuit has found, a defendant's "consistent refusal to take a plea agreement is evidence that he did not suffer prejudice." *Foster v. United States*, 735 F.3d 561, 567 (7th Cir. 2013). Cejas consistently refused advice to plead guilty, which leaves little room for a hindsight assertion that he would have accepted this plea. *See Gallo-Vasquez v. United States*, 402 F.3d 793, 798-99 (7th Cir. 2005); *see also Martin v. United States*, 789 F.3d 703, 706-07 (7th Cir. 2015).

To the extent this offer existed, nothing in the record suggests that Cejas would have accepted it with some unidentifiable better advice. Cejas's claim is mere speculation and should be rejected.

## III. CONCLUSION

Cejas fails to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 should be denied.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By: s/ Pamela Domash
Pamela Domash
Assistant United States Attorney
Office of the United States Attorney
101 NW MLK Boulevard, Suite 250
Evansville, Indiana 47708
Telephone: (812) 465-6477
Fax: (812) 465-6441
E-mail: Pamela.Domash@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 20, 2017, a copy of the foregoing RESPONSE TO PETITIONER'S POST-HEARING BRIEF was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

In addition, I certify that a copy was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

**Constantino Cejas**
Register No. 10061-028
USP HAZELTON
U.S. PENITENTIARY
P.O. Box 2000
Bruceton Mills, WV 26525

By: s/ Pamela Domash
Pamela Domash
Assistant United States Attorney
Office of the United States Attorney
101 NW MLK Boulevard, Suite 250
Evansville, Indiana 47708
Telephone: (812) 465-6477
Fax: (812) 465-6441
E-mail: Pamela.Domash@usdoj.gov